## STEPHEN D. GREER *et al*

### *v.*

### JAMES WALKER.

1. EXECUTRIX — *conveyance to, for debts to testator.* A conveyance to a person who is an executrix, passes to her the fee, and she may sell and dispose of the land, although received in satisfaction of a debt due her testator. And, having exchanged the land thus received with one of the heirs of testator for land of equal value, which he had inherited from his father, and she having conveyed these lands received from the heir to the other heirs, she must be held to have accounted for the proceeds of the original debt, and the lands conveyed by her in exchange for the others cannot be regarded as to being held in trust for the benefit of the heirs.

2. SAME — *assets — account.* In such a case, where the executrix had reported a large amount of assets with which she was charged, and had accounted for a greater sum, the presumption will be indulged, in the absence of proof, that the debt for which the property was received of the debtor was reported and accounted for in her settlement with the probate court.

WRIT OF ERROR to the Circuit Court of the county of Wabash; the Hon. EDWIN BEECHER, Judge, presiding.

The facts of the case appear in the opinion of the court.

Messrs. BELL & GREEN, for the plaintiffs in error.

Mr. J. G. BOWMAN, for the defendant in error.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the majority. of the Court :

It appears, from the record in this case, that Moses Bedell died testate, having appointed his wife, Elizabeth Bedell, his executrix. He provided by the will that she should collect debts due the estate, sell personal property and pay the debts. He also gave to her one-third of his real estate during her life, and the other two-thirds to be equally divided among his children. That one James Laws owed the estate $1,184, and that, by arrangement, the executrix received one James New-hall as the debtor for $1,000 of the sum owing by Laws. That Newhall, to secure the same, executed a mortgage on several tracts of real estate. That, afterward, he conveyed the same to the executrix in satisfaction of the mortgage. That she sub-sequently conveyed the premises to Joshua Bedell, and that he afterward sold and conveyed the land to defendant in error.

It is claimed, that, inasmuch as the lands in controversy were purchased with money due the estate, they thereby became a trust fund, held by Mrs. Bedell, for the use of plaint-iffs in error; that defendant in error purchased with notice of the trust, or with knowledge of such facts as put him on inquiry that would have led to notice; that the property, when pur-chased by Mrs. Bedell, was, in equity, a trust for the benefit of the heirs of the testator; that it was a part of the assets, and she held it upon the same trusts that she did the other assets in her hands, — she was bound to account for it, by its application to the payment of the debts, or, if sold, and the proceeds were not required for that purpose, by paying the money to the heirs.

The conveyance was to her and her .heirs, assigns and suc-cessors. This vested in her a fee simple estate, and the words " successors and executrix," as employed in the deed did not limit or control the estate conveyed, but left it in her subject to sale or other disposition precisely as if they had not been employed. She therefore had power to sell the land to Joshua Bedell, and so far as we can see from this record that sale was fair and unaffected by fraud. She, it seems, received from Joshua a con-

veyance of his interest in a portion of the lands which he inherited from his father. And there is no evidence that the lands he conveyed in exchange were of less value than those in controversy. Some of the witnesses, however, say that they were equally, if not more, valuable. It also appears that Mrs. Bedell conveyed the lands she received from Joshua to the other heirs, thus accounting for the proceeds of the debt due her testator. But it also appears, that they were afterward sold on execution issued on a judgment against her, which was a lien upon the lands. That judgment was for a small amount, and the guardian of a portion of the heirs subsequently purchased the certificate of purchase for their benefit.

It thus appears that Mrs. Bedell did account for the proceeds of these lands. She thus transferred to the heirs the proceeds of the original debt, and the land conveyed by her to Joshua, cannot be held to be a trust for the benefit of the heirs. They hold lands given by him in exchange, equal in value. And the fact, that they were sold for a trifling debt of hers, does not in the least change the relations of the parties to the property in controversy. And, so far as we can see, she may have reported her action in the matter to the probate court, and it may have been approved. But of this we can learn nothing with certainty, as the records of the probate court have been destroyed. The county judge who was acting at the time states that it is his recollection that she did account for this debt. On the other hand, the county clerk thinks she never did. He, however, testifies, that she was charged with assets of the estate to the amount of $38,778.63, and that her credits exceeded that amount.

From this evidence, we can see no pretense for holding that plaintiffs in error have any right to this property. Mrs. Bedell was no doubt charged with the same debt as a part of the assets. The law requires that she should have been, and in the absence of proof to the contrary, we presume that she was. And if so, the heirs have received the benefit of the money, either by its payment to them, or on the debts against the estate. If, then, she has accounted for this money, and the

heirs have received the benefit of it, we can see no reason why they should receive this land while they retain the money. To so hold would be inequitable and unjust.

This is a transaction of many years' standing. The only records where evidence could have been found have been destroyed, and Mrs. Bedell, who of all others, if living, could explain the whole transaction, has died. Under these circumstances we are not inclined to disturb defendant in error in his title, on slight and unsatisfactory evidence. In this case, however, the weight of evidence seems to be that the price received for the land was accounted for by the executrix.

The decree of the court below must be affirmed.

*Decree affirmed.*